ARMSTRONG, (MORRILL v.) See Case No. 9,822.

## Case No. 546.

### ARMSTRONG v. RICKEY.

[2 N. B. R. 473. (Quarto, 150;) 1 Chi. Leg. News, 145; 2 Amer. Law T. Rep. Bankr. 65.]

District Court, N. D. Ohio. Jan. Term, 1869.

BANKRUPTCY—JUDGMENT ON NOTE—LEVY—VALIDITY.

[1. A judgment on a note with a warrant of attorney to confess judgment, which is not paid at maturity, and a levy on the debtor's lands on the day before the petition in bankruptcy is filed,—the debtor having supposed himself solvent when he made the note, and the payee, up to the day of the judgment, having no reasonable cause to believe the debtor insolvent, or that he intended a fraud on the bankrupt law,—will not be declared void in bankruptcy proceedings.]

[2. A levy made by the sheriff's merely getting a description of the debtor's lands at the recorder's office, and endorsing on the execution the fact of a levy and a description of the lands, without going near them, according to the usual mode in Ohio, since it would be held good by the state courts, should be so held by a federal court in bankruptcy proceedings. The sheriff's return, being a matter of record, is conclusive, and cannot be inquired into in such proceedings, but, if false, must be answered for by him in an action by the proper party.]

[Cited in U. S. v. Hess, Case No. 15,358.]

[In bankruptcy. Petition by Charles Armstrong, assignee of George Garlinghouse, to declare void a levy in favor of Messrs. Rickey & Brother. Denied.]

SHERMAN, District Judge. Charles Armstrong, assignee of George Garlinghouse, a

bankrupt, files, in this court a petition, in which he states, that on the 19th day of March, 1868, the said Garlinghouse filed his petition to obtain the benefits of the bankrupt law, and that on the same day he was declared a bankrupt; that on the 9th of April, 1868, the said Armstrong was appointed his assignee; that he took possession of the property and assets of said Garlinghouse as such assignee; that among the assets were lands in Delaware county, Ohio; that the said lands were much encumbered by mortgages and judgment liens, and that subsequently, by order of this court, he sold said land, and has now the money, the proceeds of said sale, in court; that among the judgment liens is a judgment and levy in favor of Messrs Rickey & Brother, of Columbus, Ohio, which he alleges is void and invalid under the bankrupt law, and prays the court to so declare it. To this petition Rickey & Brother have fully answered, and claim that the judgment and levy is a valid and subsisting lien upon said lands.

A large amount of testimony has been taken, and from the petition, answer, and testimony, the following facts are established: George Garlinghouse, the bankrupt, had been for some years a resident of Delaware county, of large means, and of good reputation as a business man and for solvency. He had frequently borrowed money of the Rickey Brothers, bankers, in Columbus, Ohio, and had always met his paper. In December, 1869, he borrowed of the Rickeys three thousand dollars at ninety days, and gave therefor his note with a warrant of attorney to confess judgment, with one Hunt and one Adams as his sureties. This note was not met at maturity, and on the 18th day of March, 1868, the Rickeys caused judgment to be entered on it in the court of common pleas of Franklin county. On the same day they caused an execution to be issued on that judgment to the sheriff of Delaware county, which was taken to the sheriff by one of the Rickeys and their attorney, and on the morning of that day was by him levied on the lands of Garlinghouse, in Delaware county. On the same 18th day of March, Garlinghouse was in Columbus, engaged with his attorney, in preparing his petition and schedules in bankruptcy, to be filed in this court. Garlinghouse and his attorney, and one of the Rickeys and his attorney, were both in the same train of cars, one going to Cleveland to file the petition, and the other to Delaware to make the levy. Garlinghouse, at the date of the execution of the note and warrant of attorney to the Rickeys, had a good reputation for solvency, and thought himself perfectly solvent. He had no suspicion or knowledge of his insolvency until some ten days before the filing of his petition. There was no proof whatever that the Rickeys knew, or had reason to believe him to be insolvent, down to the 18th day of March, the date of their

judgment, and there is but very slight evidence that they even knew it then, not until next day. The assignee, under this state of facts, claims: First, that the warrant of attorney and the judgment thereon was an act done for the purpose of and by way of making a preference in favor of the Rickeys. The thirty-fifth and thirty-ninth sections of the bankrupt act, and the whole scope of the law, intends and declares that to make any act of preferring one creditor over the others invalid, it must be done under such circumstances and state of things that the creditor had reasonable cause to believe the debtor to be at the time insolvent, and intending to commit a fraud or violate the provisions of the bankrupt act. The question here arises, at what time in the history of this transaction should the creditor's knowledge of the debtor's insolvency and his fraudulent intent be established. Should it be at the date of the warrant of attorney, or the date of the judgment and levy. A debtor can only be declared and adjudged a bankrupt by reason of his own acts. The acts and doings of his creditors or other persons cannot constitute and make him guilty of an act of bankruptcy. He must do some act himself which the law declares shall cause him to be adjudged a bankrupt. In this case the only act done by Garlinghouse was the execution and delivery of the warrant of attorney to the Rickeys, and that was done on the 4th of December, 1867, more than three months before the judgment thereon and the levy. The judgment and levy were acts of the Rickeys, the creditors, and officers of the law, and not the act of Garlinghouse. The judgment and levy were independent and outside of him. It was not done at his instance nor could he control it, and he should not be answerable for them. When he executed and delivered the note and warrant of attorney on the 4th of December previous, it was his act, and he is bound for the consequences of the act. It is a principle of law in bankrupt cases, that if the intent and actions of a debtor are to give a legal construction to a transaction, it must be an intent governing the act done by himself and not by others. Buckingham v. McLean, 13 How. [54 U. S.] 169. We must therefore inquire whether Garlinghouse intended to commit an act of bankruptcy at the date, December 4th, and not on March 18th, the date of the judgment and levy.

On this point it is not claimed by the petition that Garlinghouse knew he was insolvent, though he may have been so in fact, or that he intended to give the Rickeys a preference. Nor is it claimed that the Rickeys had reasonable cause to believe Garlinghouse insolvent, or that he intended a fraud on the bankrupt law. On this point the assignee has failed to sustain his claim. But he secondly claims, that the levy made by the sheriff of Delaware county, on the even-

ing of the 18th of March, 1868, was invalid and void. The facts are these, that on the evening of the day judgment was entered on the note and warrant of attorney, in Franklin common pleas, an execution issued thereon was placed in the sheriff's hands by one of the Rickeys and their attorney; that the sheriff went to the recorder's office of his county, there obtained a description of Garlinghouse's lands and made his levy, by endorsing the fact of a levy and a description of the lands on the back of the execution. He was not on the lands—not near them nor in sight of them. Under this state of facts it is claimed that, under the laws of Ohio, this levy was invalid, and because of the mode of the levy it was not a lien upon the lands. It is possible that this mode of levy may not be quite regular. But it is the usual mode of making levy in Ohio, and been so practiced for years. It would be treated as a good levy by the courts of the state, and whatever is declared and treated as a valid and subsisting lien by the state laws and courts will so be treated by this court. But the answer to this claim is, that the return of the sheriff is a matter of record, and therefore conclusive, and cannot be enquired into by us in this proceeding. If the return is false, if the sheriff did not make a legal levy, he is answerable for it to the proper party, in a proper action, but its truth or falsity cannot be enquired into at this time and in this proceeding. Hill v. Kling, 4 . Ohio, 136; [Hall v. Crocker,] 3 Metc. [Mass.] 245; [Wendell v. Mugridge,] 19 N. H. 109. We, therefore, hold that the debt and judgment of the Rickeys is valid, and that it was not given by way of preference, and that the levy of the execution upon the lands of Garlinghouse, the bankrupt, is a lien upon them, and that the judgment should be paid out of the proceeds of the sale in the hands of the assignee.